UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER LADETTO, <br>     Petitioner, | ) ) ) ) | |
| v. | ) | Civil Action No. 04-11656-RCL |
| TIMOTHY HALL, <br>     Respondent. | ) ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Petitioner Peter Ladetto, convicted of first degree murder in 1964, seeks to challenge his conviction via a writ of habeas corpus. The petition is untimely and must be dismissed. Under 28 U.S.C. § 2244(d)(1), which provides a one-year statute of limitations for habeas corpus petitions, the time to file this petition expired no later than April 25, 1997, more than seven years before it was, in fact, filed.

**I. Prior Proceedings**

The facts underlying the conviction at issue here, are set forth in the attached opinion of the Supreme Judicial Court of Massachusetts, *Commonwealth v. Ladetto*, 349 Mass. 237 (1965), Supplemental Appendix at Tab E, pp. 25-32 [hereinafter Supp. App. at E:25-32]. In summary, on March 18, 1964, a Middlesex County Superior Court jury found Petitioner guilty of the first-degree of Malden Police Officer Edward C. Callahan, during the holdup of an A&P grocery store. Supp. App. at E:6, 25-29. The jury also convicted Petitioner of assaulting A&P employee Donald J. Lyons with a dangerous weapon, with intent to rob him. *Id*. Petitioner was sentenced to death on the murder conviction and to a sentence of eighteen to twenty years imprisonment on the assault charge. Supp. App. at E:26.

The Supreme Judicial Court conducted plenary review of the convictions, and affirmed them in all respects on May 21, 1965. Supp. App. at E:25. Shortly thereafter, Petitioner filed a motion for a new trial in the trial court, but did not pursue that motion, instead seeking a writ of error in from a Single Justice of the Supreme Judicial Court. The writ was denied, and Petitioner appealed to the full bench of the S.J.C., which affirmed the denial on December 29, 1969. *Commonwealth v. Ladetto*, 356 Mass. 541, Supp. App. at E:38-41. The United States Supreme Court, however, granted certiorari and summarily reversed that decision, to the extent that it imposed the death penalty, on June 28, 1971. *Ladetto v. Massachusetts*, 403 U.S. 947, Supp. App. at E:42. The death sentence was revoked by the trial court, and a life sentence was imposed in its place, on November 22, 1971. Supp. App. at E:12.

Twenty-seven years later, on December 7, 1998, Petitioner filed the new trial motion that is the subject of the instant petition in the trial court. Supp. App. at E:12, 43-73. That court denied the motion on August 26, 1999. Supp. App. at B:9-13, E:12. Petitioner took no further action until August 16, 2001, when he filed another new trial motion, claiming, *inter alia*, that he had not received notice of the denial of the 1999 motion. Supp. App. at E:12, 117-124. In response, the court vacated and reentered its order denying the new trial motion, on October 7, 2002. Supp. App. at B:7-8, E:12. Petitioner then sought leave to appeal the October 7 order to the full bench of the Supreme Judicial Court. Supp. App. at B, C. A Single Justice of the Court denied petitioner leave to appeal on June 27, 2003. Supp. App. at A.

**II.    The Time to File this Petition Expired April 25, 1997**

Petitions for habeas corpus by persons in custody pursuant to a judgment of a State court must be filed no later than one year after the date the judgment became final by the conclusion of

direct review. 28 U.S.C. § 2244(d)(1)(A). Here, that date was no later than ninety days after May 21, 1965. The First Circuit has interpreted this statute as implicitly providing a one-year "grace period" after its effective date to file claims on convictions that became final before the statute of limitations went into effect. *Gaskins v. Duval*, 183 F.3d 8 (1st Cir. 1999). Thus, the limitations period here began to run on April 25, 1996, *id.* at 9, and expired more than seven years before this petition was filed on July 26, 2004.

## Conclusion

The one-year limitation period within which Petitioner could have filed his habeas corpus petition began running on April 25, 1996, and concluded on April 25, 1997. Because the petition was filed more than seven years after the allotted time period had expired, it must therefore be dismissed, pursuant to 28 U.S.C. § 2244(d)(1). Permitting a prisoner to pursue a petition for habeas corpus attacking a conviction he had done nothing to challenge for nearly three decades would seriously undermine the important interest that AEDPA is designed to protect. The Supreme Court has stated that, "the 1-year limitations period of §2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments. This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

For these reasons, respondent respectfully requests that his motion to dismiss be allowed and that the petition be dismissed with prejudice.

                Respectfully submitted,

                THOMAS F. REILLY
                ATTORNEY GENERAL


                /s/ David M. Lieber
                David M. Lieber (BBO# 653841)
                Assistant Attorney General
                Criminal Bureau
                One Ashburton Place
                Boston, Massachusetts  02108
                (617) 727-2200 ext.2827

                ATTORNEYS FOR RESPONDENT

Dated: November 1, 2004