UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER LADETTO,   )
    Petitioner   )
       )
v.   )   Civil Action No. 04-11656-RCL
       )
TIMOTHY HALL,   )
    Respondent   )

## OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Now comes the petitioner Peter Ladetto and hereby notes his opposition to the respondent's Motion To Dismiss. The respondent argues in his memorandum in support of his motion that the one year limitations period began to run on April 25, 1996 (effective date of AEDPA) and thus expired more than seven years before the petition at issue here was filed (on July 26, 2004). See Memorandum Of Law In Support Of Respondent's Motion To Dismiss, p.3.

The docket entries of the Middlesex Superior Court indicate that on December 17, 1965 the petitioner filed a motion for new trial and that the trial court stayed the execution of sentence pending the disposition of said motion. See Supplemental Appendix at Tab E, p. 11. The respondent argues that the petitioner "did not pursue that motion." See Memorandum Of Law, p.2. A review of the docket entries shows that the trial court never acted on said motion, by allowing it, denying it, dismissing it as moot, or in any other fashion. That motion is still pending in the Middlesex Superior Court and state law does not impose a burden of "pursuing" a properly filed motion for new trial. Under 28 U.S.C. § 2244(d)(2) the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

1

claim is pending shall not be counted toward any period of limitation." In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court made clear than an application for state post conviction relief or collateral review is "properly filed," as required to toll the one year limitation period under AEDPA when its delivery and acceptance are in compliance with the applicable laws and rules governing filings in the state. Not even the respondent has argued that the 1965 motion for new trial was not properly filed. The stat court's failure to act on it is the state's burden to bear, not the petitioner's. In the case at bar not one day of the one year limitation period had expired when the petitioner file his habeas corpus petition.

"Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 327 (1996). It is thus the petitioner's position that any statute of limitations that denies a first habeas corpus petition should be viewed as a violation of due process or the Suspension clause. The petitioner concedes however that he can only save his rights on this position.

        Respectfully submitted,

        /s/ Robert L. Sheketoff
        Robert L. Sheketoff
        One McKinley Square
        Boston, MA  02109
        (617)367-3449
        BBO# 457340