# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USCA Docket Number:

USDC Docket Number : 04-cv-11656

Peter Ladetto

v.

Timothy Hall

### CLERK'S CERTIFICATE

I, Sarah A Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed documents as indicated on the certified copy of the docket and contained in Volume(s) I are the original pleadings and constitute the record on appeal in the above entitled case for the Notice of Appeal filed on 4/12/05.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on April 15, 2005.

Sarah A. Thornton, Clerk of Court

By: _____

Jeanette Ramos, Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: 4/15/05

_____
Deputy Clerk, US Court of Appeals

Please complete the following information:

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

[cv: apprec.] [cr: kapprec.]

APPEAL

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:04-cv-11656-RCL

Ladetto v. Hall
Assigned to: Judge Reginald C. Lindsay
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 07/26/2004
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Peter Ladetto**　　represented by　**Robert L. Sheketoff**
One McKinley Square
Boston, MA 02109
617-367-3449
Fax: 617-723-1710
Email: sheketoffr@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Timothy Hall**　　represented by　**David M. Lieber**
Assistant Attorney General
One Ashburton Place
Boston, MA 02108
617-727-2200
Fax: 617-727-5755
Email: david.lieber@ago.state.ma.us
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2004 | 1 | PETITION for writ of habeas corpus pursuant to 28:2254 $ 5.00, receipt number 57536, filed by Peter Ladetto.(Jenness, Susan) (Entered: 08/02/2004) |
| 07/26/2004 |   | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Jenness, Susan) (Entered: 08/02/2004) |
| 08/02/2004 |   | Case forwarded to RCL session (Jenness, Susan) (Entered: 08/02/2004) |
| 08/10/2004 | 2 | Judge Reginald C. Lindsay : ORDER entered SERVICE ORDER re 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 20 days of rcpt of this order. (Stanhope, Don) (Entered: 08/12/2004) |
| 08/10/2004 | 3 | INTITAL MEMORANDUM in Support of 1 Petitioner's Habeas Corpus Petition (28:2254). by Timothy Hall (Stanhope, Don) (Entered: 08/12/2004) |
| 08/19/2004 | 4 | NOTICE of Appearance by David M. Lieber on behalf of Timothy Hall (Lieber, David) (Entered: 08/19/2004) |
| 08/19/2004 | 5 | Consent MOTION for Extension of Time to October 2, 2004 to File Answer re 1 Petition for writ of habeas corpus (28:2254) by Timothy Hall.(Lieber, David) (Entered: 08/19/2004) |
| 08/19/2004 |   | Judge Reginald C. Lindsay : Electronic ORDER entered granting 5 Motion for Extension of Time to Answer re 1 Petition for writ of habeas corpus (28:2254) Timothy Hall to 10/2/04. (Hourihan, Lisa) (Entered: 08/19/2004) |

| | | |
|---|---|---|
| 10/01/2004 | 6 | Assented to MOTION for Extension of Time to November 1, 2004 to File Answer re 1 Petition for writ of habeas corpus (28:2254) by Timothy Hall. (Lieber, David) (Entered: 10/01/2004) |
| 10/05/2004 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 6 Motion for Extension of Time to Answer to 11/1/04 re 1 Petition for writ of habeas corpus (28:2254) Timothy Hall. (Hourihan, Lisa) (Entered: 10/05/2004) |
| 11/01/2004 | 7 | MOTION to Dismiss by Timothy Hall.(Lieber, David) (Entered: 11/01/2004) |
| 11/01/2004 | 8 | MEMORANDUM in Support re 7 MOTION to Dismiss filed by Timothy Hall. (Lieber, David) (Entered: 11/01/2004) |
| 11/04/2004 | 9 | Supplemental APPENDIX by Timothy Hall. (Stanhope, Don) (Entered: 11/05/2004) |
| 11/30/2004 | 10 | Opposition re 7 MOTION to Dismiss filed by Peter Ladetto. (Sheketoff, Robert) (Entered: 11/30/2004) |
| 02/24/2005 | | NOTICE of Hearing on Motion 7 MOTION to Dismiss: Motion Hearing set for 4/11/2005 03:00 PM in Courtroom 11 before Judge Reginald C. Lindsay. Be advised, however, that this hearing date is subject to cancellation on forty-eight hours' notice if the court determines for any reason that the hearing will be unnecessary.(Hourihan, Lisa) (Entered: 02/24/2005) |
| 04/11/2005 | | Electronic Clerk's Notes for proceedings held before Judge Reginald C. Lindsay : Motion Hearing held on 4/11/2005 re 7 MOTION to Dismiss filed by Timothy Hall. Motion Hearing held. The MOTION is GRANTED and the petition is dismissed on the ground that it was not brought within one-year as required by 28 U.S.C. section 2244(d)(1). To the extent that petitioner argues that petitioner's motion for new trial brought on December 17, 1965 is now |

| | | |
|---|---|---|
| | | before me, that claim is barred by petitioner's failure to exhaust it pursuant to 28 U.S.C. section 2254(b)(1)(A).(Court Reporter Lee Marzilli.) (RCL, law3) (Entered: 04/11/2005) |
| 04/11/2005 | 9 | Judge Reginald C. Lindsay : Electronic ORDER entered granting 7 Respondent's Motion to Dismiss the Petition. The petition is dismissed on the ground that the petition was not timely filed. The petitioner argues that the petition was timely filed, because there existed in the state courts an unresolved motion for a new trial -- filed in 1965 -- that constituted a state post-conviction application "with respect to the pertinent judgment" of conviction that was "pending" at the time of the filing of the present petition. Accordingly, the petitioner contends that, under 28 U.S.C. section 2244 (d)(2), the period of limitations was tolled for the full period between the date of the filing of the motion and the date of the filing of the present petition. Indeed, he argues that even now, the statute has not run on his habeas claims. The court rules, however, that, because the unresolved 1965 motion for a new trial did not raise the issues advanced on the present petition, it is not a "pending" application for state post-conviction relief within the meaning of 28 U.S.C. section 2244 (d)(2). Moreover, even if the 1965 motion could be regarded as a "pending" application, tolling the limitations period for the present petition under section 2244, the 1965 motion represents an unexhausted claim that also requires dismissal of the petition. The clerk shall enter judgment for the respondent, dismissing the petition and shall terminate this case on the court's docket. (Lindsay, Reginald) (Entered: 04/11/2005) |
| 04/12/2005 | 11 | NOTICE OF APPEAL as to Order on Motion to Dismiss,,,,,, by Peter Ladetto. $ 255 NOTICE TO COUNSEL: A Transcript Report/Order Form, which |

| | | | |
|---|---|---|---|
| | | | can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov/clerks/transcript.htm MUST be completed and submitted to the Court of Appeals. Appeal Record due by 5/2/2005. (Sheketoff, Robert) (Entered: 04/12/2005) |
| 04/12/2005 | | 12 | MOTION for Certificate of Appealability by Peter Ladetto.(Sheketoff, Robert) (Entered: 04/12/2005) |
| 04/14/2005 | | | Judge Reginald C. Lindsay : Electronic ORDER entered reserving ruling on 12 Petitioner's Motion for Certificate of Appealability. The court dismissed the petition in this case on the ground that it was barred by the applicable statute of limitations. The petitioner's present motion addresses only the question of whether the court's procedural ruling on the statute of limitations deserves further review, and not the merits of the underlying petition. Before a certificate of appealability can issue, however, the petitioner must make two showings, as set forth by the Supreme Court. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel 529 U.S. 473, 484 (2000). Accordingly the parties are directed to submit supplemental memoranda addressing whether a certificate of appealability is appropriate as to the petitioner's underlying claims for habeas relief. Such memoranda are to be filed not later than May 16, 2005.(Lindsay, Reginald) (Entered: 04/14/2005) |